

<table>
<tr><td>MURIEL GOODE-TRUFANT<br>Corporation Counsel</td><td>THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007</td><td>TOBIAS E. ZIMMERMAN<br>phone: (212) 356-2423<br>fax: (212) 356-3509<br>tzimmerm@law.nyc.gov</td></tr>
</table>

December 30, 2024

**VIA ECF**
Honorable Dale E. Ho
United States District Judge
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> The Court is in receipt of Defendant City of New York's motion to adjourn the conference currently scheduled for January 7, 2025.  In light of the short time frame, Plaintiffs are directed to respond in a letter, not to exceed two pages, by **January 3, 2025**.  SO ORDERED.
>
> Dale E. Ho
> United States District Judge
>
> Dated: December 31, 2024
> New York, New York

Re:  *Shabazz, et al. v. United States of America, et al.*, No. 24 Civ. 8680 (DEH).

Your Honor:

I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, and one of the attorneys assigned to represent Defendant City of New York in the above-referenced matter.  Defendant City of New York writes to respectfully request that the Initial Conference scheduled before Your Honor on January 7, 2025 be adjourned to after February 11, 2025, the date that the City's and United States's answers are due.  This is the City's first request for an adjournment of this conference. Jeffery Oestericher, Chief of the Civil Division at the United States Attorney's Office for the Southern District of New York, indicates that Defendant United States of America <u>consents</u> to Defendant City of New York's request for the proposed adjournment. Plaintiffs' counsel indicate that they will only consent to a shorter adjournment—to the week of January 13, 2025—which is still too soon for the City to be sufficiently prepared, as set forth below.

Before the City can meaningfully participate in scheduling and other case-management discussions it must investigate and deliberate several aspects of this case, including:

- The underlying factual allegations in the Complaint;
- The location and status of the individual Defendants or their estate representatives;

- The extent and scope of discovery already produced in the related cases;
- The existence and availability of documents and other materials from the relevant time period; and
- Other considerations related to the City's position on the claims asserted.

At this time, the City of New York cannot supply much of the information called for by the Court's Notice of Initial Conference and the Civil Case Management Plan and Scheduling Order. Adjourning the Initial Conference until after the Defendants' Answers are due will give the City an opportunity to conduct further background investigations, and also to make decisions regarding issues such as representation of individual defendants.

Defendant City of New York thanks the Court for its attention to this matter.

Respectfully submitted,

Tobias E. Zimmerman
*Senior Counsel*
Special Federal Litigation Division

cc: All Counsel (**via ECF**)