UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILYASAH SHABAZZ, as Administrator of The Estate of Malik El-Shabazz, also known as Malcolm X, ILYASH SHABAZZ, in their individual capacity, GAMILAH-LAMUMBA SHABAZZ, in their individual capacity, and MALAAK SHABAZZ, in their individual capacity, <br><br> Plaintiffs, <br><br> -against- <br><br> THE UNITED STATES OF AMERICA, THE ESTATE OF CLYDE ANDERSON TOLSON, on behalf of J. Edgar Hoover, THE ESTATE OF WILLIAM C. SULLIVAN, THE ESTATE OF GEORGE C. MOORE, THE ESTATE OF RICHARD MCGARRAH HELMS, ARTHUR FULTON, THE ESTATE OF DALE SUTTON, THE ESTATE OF AUGUST MICEK, STEVEN EDWARDS, JOHN ALI SIMMONS, RONALD TIMBERLAKE, ABDUL BASIT NAEEM, CITY OF NEW YORK, THE ESTATE OF VINCENT LYONS BRODERICK, THE ESTATE OF HOWARD R. LEARY, THE ESTATE OF FERDINAND CAVALLARO, THE ESTATE OF FRANCIS CILENTO, THE ESTATE OF WILLIAM E. CONFREY, THE ESTATE OF JOHN J. CONROY, THE ESTATE OF THOMAS T. CUSMANO, THE ESTATE OF WINSTON W. DE VERGEE, THE ESTATE OF SANFORD GARELIK, JOSEPH IACOVELLI, THE ESTATE OF JOHN J. KEELY, THE ESTATE OF THOMAS C. RENAGHAN, THE ESTATE OF FRANCIS J.M. ROBB, THE ESTATE OF JAMES RUSHIN, THE ESTATE OF HOWARD G. SCHAETZLE, FRANCIS M. SULLIVAN, WARREN TAYLOR, E ESTATE OF PATRICK J. TWOMEY, ERNEST VOHS, MICHAEL WILLIS, THE ESTATE OF ANTHONY (TONY) BOUZA, THE ESTATE OF GERRY FULCHER, WILLIAM (BILL) KNAPP, THE ESTATE OF BERNARD (BARNEY) F. MULLIGAN, THE ESTATE OF BERNARD (BARNEY) F. MULLIGAN, THE ESTATE OF EUGENE (GENE) A. ROBERTS, HENRY SUAREZ, THE ESTATE OF THEODORE (TED) THEOLOGES, THE ESTATE OF RAYMOND A. WOOD, THE ESTATE OF ANTHONY (TONY) ULASEWICZ, and DOES 1 THROUGH 50, inclusive, <br><br> Defendants. | 24 Civ. 08680 (DEH) <br><br><br> **JURY TRIAL DEMANDED** |

## ANSWER TO THE COMPLAINT BY THE CITY OF NEW YORK

Defendant City of New York, by its attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, for its Answer to Complaint, respectfully alleges, upon information and belief, as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph "1" of the Complaint concerning subjective opinion of Malik El-Shabazz, except admits that he was known as Malcolm X and that he was murdered on February 21, 1965.

2.      Denies the allegations contained in paragraph "2" of the Complaint.

3.      Denies the allegations contained in paragraph "3" of the Complaint.

4.      Denies the allegations contained in paragraph "4" of the Complaint including the footnote attached thereto, except admits that Muhammad Aziz and Khalil Islam were indicted and convicted of the murder of Malik El-Shabazz a/k/a Malcolm X a/k/a Malcolm X Little a/k/a Malcolm X Al Hajj a/k/a Malik Shabazz ("Malcolm X") and that those convictions were subsequently vacated on November 18, 2021.

5.      Denies the allegations contained in paragraph "5" of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph "6" of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.      Denies the allegations contained in paragraph "8" of the Complaint.

9.      Denies the allegations contained in paragraph "9" of the Complaint, except admits that on November 18, 2021, former Manhattan District Attorney Cyrus Vance, when he moved to vacate the indictments of Muhammad Aziz and Khalil Islam, stated "I apologize for what were serious, unacceptable violations of the law and the public trust" and respectfully refers the Court to the Joint Motion to Vacate Judgments of Conviction and Dismiss Indictment in People v. Muhammad A. Aziz and Khalil Islam, Indictment No. 871/1965, filed in the Supreme Court of the

State of New York, County of New York: Part 99 on November 18, 2021 (hereinafter "the Joint Motion to Vacate") for a full and accurate description of the contents of that document.

10.      Denies the allegations contained in paragraph "10" of the Complaint, except admits that Plaintiffs purport to proceed as stated therein and respectfully refers questions of law to the Court.

11.      Denies the allegations contained in paragraph "11" of the Complaint, except admits that Plaintiffs purport to proceed as stated therein.

12.      Denies the allegations contained in paragraph "12" of the Complaint, except admits that Plaintiffs purport to invoke jurisdiction of the Court as stated therein.

13.      Denies the allegations contained in paragraph "13" of the Complaint, except admits that Plaintiffs purport to lay venue as stated therein.

14.      Denies the allegations contained in paragraph "14" of the Complaint, except admits that Plaintiffs filed this lawsuit on November 15, 2024, approximately 59 years after the death of Malcolm X.

15.      Denies the allegations contained in paragraph "15" of the Complaint and respectfully refers questions of law to the Court.

16.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint and respectfully refers questions of law to the Court.

17.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.     Denies the allegations set forth in paragraph "18" of the Complaint, except admits that documents purporting to be Notices of Claim were received by the Comptroller's Office on or about February 21, 2023, March 7, 2023, March 16, 2023, October 4, 2024.

19.     Denies the allegations set forth in paragraph "19" of the Complaint, except admits that documents purporting to be Notices of Claim was received by the Comptroller's Office on or about February 21, 2023 and October 4, 2024.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22.     Denies the allegations set forth in paragraph "22" of the Complaint, except admits that a document purporting to be a Notice of Claim were received by the Comptroller's Office on or about March 7, 2023.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.     Denies the allegations set forth in paragraph "26" of the Complaint, except admits that a document purporting to be a Notice of Claim were received by the Comptroller's Office on or about March 7, 2023.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30.     Denies the allegations contained in paragraph "30" of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint concerning the federal government and federal governmental agencies and employees (hereinafter "the federal Defendants"), and denies those allegations concerning the City of New York, including the New York City Police Department ("NYPD") and all current and former employees of same (hereinafter "the City Defendants").

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint, including the footnote attached thereto, concerning the federal Defendants, and denies those allegations concerning the City Defendants.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Complaint concerning the federal Defendants, and denies those allegations concerning the City Defendants.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint concerning the federal Defendants, and denies those allegations concerning the City Defendants.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41.    The allegations set forth in paragraph "41" of the Complaint are conclusions of law to which no response is required.

42.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint concerning the federal Defendants, except denies that NYPD defendants conspired.

43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint concerning the federal Defendants, except denies that NYPD defendants conspired.

44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint concerning the federal Defendants, except denies that NYPD defendants conspired.

45.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint concerning the federal Defendants, except denies that NYPD defendants conspired.

46.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint concerning the federal Defendants, except denies that NYPD defendants conspired.

47.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint concerning the federal Defendants, except denies that NYPD defendants conspired.

48.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint concerning the federal Defendants, except denies that NYPD defendants conspired.

49.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint concerning the federal Defendants, except denies that NYPD defendants conspired.

50.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint concerning the federal Defendants, except denies that NYPD defendants conspired.

51.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint concerning the federal Defendants, and

denies those allegations concerning the City defendants and respectfully refers questions of law to the Court.

53.     Denies the allegations set forth in paragraph "53" of the Complaint, except admits that the City of New York is a municipal corporation duly organized under the laws of the State of New York and maintains a police department.

54.     Denies the allegations set forth in paragraph "54" of the Complaint, and states that the allegations concerning whether the City Defendants "were acting under color of law," are legal conclusions to which no response is required.

55.     Denies the allegations contained in paragraph "55" of the Complaint, and state that the allegations concerning whether the City Defendants were acting "within the scope of their employment or under color of law" are legal conclusions to which no response is required.

56.     Denies the allegations contained in paragraph "56" of the Complaint except admits that Plaintiffs purport to proceed as stated therein.

57.     Denies the allegations contained in paragraph "57" of the Complaint, except admits that Vincent Lyons Broderick was appointed Police Commissioner on June 7, 1965, and that Plaintiffs purport to sue former Commissioner Broderick in his individual capacity.

58.     Denies the allegations contained in paragraph "58" of the Complaint, except admits that Howard R. Leary was appointed as Police Commissioner on February 21, 1966, and that Plaintiff purports to sue former Commissioner in his individual capacity.

59.     Denies the allegations contained in paragraph "59" of the Complaint, except admits that Defendant Anthony (Tony) Bouza was previously employed by NYPD.

60.     Denies the allegations contained in paragraph "60" of the Complaint, except admits that Defendant Gerry Fulcher ("Fulcher") was previously employed by NYPD.

61.     Denies the allegations contained in paragraph "61" of the Complaint, except admits that Defendant William (Bill) Knapp ("Knapp") was previously employed by NYPD.

62.     Denies the allegations contained in paragraph "62" of the Complaint, except admits that Defendant Bernard (Barney) F. Mulligan ("Mulligan") was previously employed by NYPD.

63.     Denies the allegations contained in paragraph "63" of the Complaint, except admits that Defendant Eugene (Gene) A. Roberts ("Roberts") was previously employed by NYPD.

64.     Denies the allegations contained in paragraph "64" of the Complaint, except admits that Defendants Henry Suarez ("Suarez"), Theodore (Ted) Theologes ("Theologes"), and Tony Ulasewicz ("Ulasewicz") were previously employed by NYPD.

65.     Denies the allegations contained in paragraph "65" of the Complaint, except admits that Defendant Raymond A. Wood ("Wood") was previously employed by NYPD.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint, except admits that Defendants Ferdinand (Rocky) Cavallaro ("Cavallaro"), William E. Confrey ("Confrey"), John J. Conroy ("Conroy"), John J. Keeley ("Keeley"), Patrick J. Twomey ("Twomey"), and Michael Willis ("Willis") were previously employed by NYPD.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint, except admits that Defendant Francis ("Frank") Cilento ("Cilento") was previously employed by NYPD.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Complaint, except admit that Defendant Sanford Garelik ("Garelik") was previously employed by NYPD.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint, except admit that Defendant Thomas C. Renaghan ("Renaghan") was previously employed by NYPD.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Complaint, except admit that Defendant Francis ("Frank") J.M. Robb ("Robb") was previously employed by NYPD.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Complaint, except admit that Defendant Francis M. Sullivan ("Francis Sullivan") was previously employed by.

73.     Denies the allegations contained in paragraph "73" of the Complaint, and states that the allegations concerning whether the Defendants "acted under color of law," are legal conclusions to which no response is required.

74.     Denies the allegations contained in paragraph "74" of the Complaint, and states that the allegations concerning whether the Defendants "acted under color of law," are legal conclusions to which no response is required.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Complaint, except admits that Plaintiffs purport to proceed as stated therein.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Complaint, except admits that Plaintiffs purport to proceed as stated therein.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Complaint, respectfully refers questions of law to the Court and state that Plaintiffs purport to sue the Doe defendants in their individual capacities.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Complaint concerning the federal Defendants and alleged individuals from the Nation of Islam ("NOI"), and denies those allegations concerning NYPD defendants.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Complaint including the footnote attached thereto.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the Complaint including the footnote attached thereto.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Complaint including the footnote attached thereto.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the Complaint including the footnote attached thereto.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the Complaint including the footnote attached thereto.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the Complaint.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the Complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the Complaint.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the Complaint.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the Complaint.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the Complaint.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the Complaint.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Complaint.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the Complaint.

111.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Complaint.

112.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the Complaint.

113.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the Complaint.

114.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the Complaint.

115.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the Complaint.

116.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the Complaint.

117.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the Complaint.

118.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Complaint.

119.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Complaint.

120.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Complaint.

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the Complaint, except admits that the New York City Police Department is and has been comprised of multiple bureaus, divisions, and sections, and that one or more of those bureaus, divisions, or sections was referred to at various times as the Bureau of Special Services and Investigation ("BOSSI") and was later known as the Special Services Division.

122.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the Complaint, except admits that NYPD has and does operate various bureaus, divisions, and sections tasked with gathering intelligence about potential threats to law and order in the City and that BOSSI was one of these divisions.

123.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the Complaint, except admits that NYPD has and does operate various bureaus, divisions, and sections tasked with gathering intelligence about potential threats to law and order in the City and that BOSSI was one of these divisions.

124.    Denies the allegations contained in paragraph "124" of the Complaint, except admits that NYPD has and does operate various bureaus, divisions, and sections tasked with

gathering intelligence about potential threats to law and order in the City and that BOSSI was one of these divisions.

125.    Denies the allegations contained in paragraph "125" of the Complaint, except admits that NYPD has and does operate various bureaus, divisions, and sections tasked with gathering intelligence about potential threats to law and order in the City and that BOSSI was one of these divisions.

126.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Complaint, except denies any allegations of criminal or unlawful conduct, except admits that NYPD has and does operate various bureaus, divisions, and sections tasked with gathering intelligence about potential threats to law and order in the City and that BOSSI was one of these divisions.

127.    Denies the allegations contained in paragraph "127" of the Complaint, except admits that NYPD has and does operate various bureaus, divisions, and sections tasked with gathering intelligence about potential threats to law and order in the City and that BOSSI was one of these divisions.

128.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the Complaint, except admits that NYPD has and does operate various bureaus, divisions, and sections tasked with gathering intelligence about potential threats to law and order in the City and that BOSSI was one of these divisions.

129.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the Complaint.

130.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the Complaint including the characterization of any organization or group as "political".

131.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the Complaint.

132.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the Complaint.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Complaint.

134.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the Complaint.

135.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the Complaint.

136.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Complaint.

137.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the Complaint.

138.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the Complaint.

139.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the Complaint.

140.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" of the Complaint.

141.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the Complaint.

142.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the Complaint.

143.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Complaint.

144.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the Complaint.

145.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the Complaint.

146.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the Complaint.

147.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "147" of the Complaint.

148.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

149.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the Complaint.

150.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the Complaint.

151.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the Complaint.

152.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the Complaint.

153.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the Complaint.

154.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "154" of the Complaint.

155.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the Complaint.

156.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the Complaint.

157.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the Complaint.

158.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the Complaint.

159.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the Complaint.

160.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the Complaint.

161.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the Complaint, and respectfully refers the Court to the New York Herald Tribune article referenced therein for a full and accurate description of the contents of that document.

162.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the Complaint.

163.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "163" of the Complaint.

164.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the Complaint.

165.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the Complaint.

166.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the Complaint.

167.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the Complaint.

168.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the Complaint.

169.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the Complaint.

170.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "170" of the Complaint.

171.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "171" of the Complaint.

172.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the Complaint, except admits that members of NYPD met with Malcolm X concerning the threat on his life, offered police protection, which he declined.

173.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the Complaint.

174.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the Complaint.

175.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "175" of the Complaint.

176.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "176" of the Complaint.

177.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

178.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the Complaint.

179.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the Complaint and denies the characterization of the French Diplomat's purported statements as "direct evidence".

180.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the Complaint.

181.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the Complaint.

182.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the Complaint.

183.    Denies the allegations contained in paragraph "183" of the Complaint.

184.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the Complaint.

185.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "185" of the Complaint.

186.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "186" of the Complaint.

187.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "187" of the Complaint.

188.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "188" of the Complaint.

189.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "189" of the Complaint.

190.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "190" of the Complaint.

191.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "191" of the Complaint.

192.    Admits the allegations set forth in paragraph "192" of the Complaint.

193.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "193" of the Complaint.

194.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "194" of the Complaint, except denies that NYPD acted inappropriately or unlawfully.

195.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "195" of the Complaint.

196.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "196" of the Complaint.

197.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "197" of the Complaint.

198.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "198" of the Complaint.

199.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "199" of the Complaint.

200.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "200" of the Complaint.

201.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "201" of the Complaint.

202.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the characterizations set forth in paragraph "202" of the Complaint, except admits that Malcolm X was shot on February 21, 1965 at the Audubon Ballroom.

203.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "203" of the Complaint, except admits that Malcolm X was shot on February 21, 1965.

204.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "204" of the Complaint, except admits that Thomas Hagen was detained and arrested.

205.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "205" of the Complaint.

206.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "206" of the Complaint including the photographs and footnote attached thereto.

207.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "207" of the Complaint, including the photograph attached thereto, except admits that Malcolm X was shot on February 21, 1965, and respectfully refers the Court to the autopsy report for a full and accurate description of the contents of that document.

208.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "208" of the Complaint, except admits that Malcolm X was shot on February 21, 1965.

209.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "209" of the Complaint.

210.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "210" of the Complaint.

211.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "211" of the Complaint.

212.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "212" of the Complaint.

213.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "213" of the Complaint and respectfully refers the Court to the letter referenced therein for a full and accurate description of the contents of that document.

214.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "214" of the Complaint.

215.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "215" of the Complaint.

216.    Denies the allegations contained in paragraph "216" of the Complaint.

217.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "217" of the Complaint concerning the federal Defendants, except admits only that NYPD investigated the murder of Malcolm X.

218.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "218" of the Complaint and the photograph attached thereto as to Thomas T. Cusmano ("Cusmano"), Winston W. De Vergee ("De Vergee"), Joseph Iacovelli ("Iacovelli"), James Rushin ("Rushin"), Howard G. Schaetzle ("Schaetzle"), Warren Taylor ("Taylor"), and Ernest Vohs ("Vohs"), except admits that Defendants Ferdinand (Rocky) Cavallaro ("Cavallaro"), William E. Confrey ("Confrey"), John J. Conroy ("Conroy"), John J. Keeley ("Keeley"), Patrick J. Twomey ("Twomey"), and Michael Willis ("Willis") were previously employed by NYPD.

219.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "219" of the Complaint.

220.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "220" of the Complaint.

221.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "221" of the Complaint, except admits that FBI provided certain information to NYPD in connection with the investigation.

222.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "222" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

223.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "223" of the Complaint.

224.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "224" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

225.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "225" of the Complaint.

226.    Denies the allegations contained in paragraph "226" of the Complaint.

227.    Denies the allegations contained in paragraph "227" of the Complaint.

228.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "228" of the Complaint.

229.    Denies the allegations contained in paragraph "229" of the Complaint.

230.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "230" of the Complaint and respectfully refers the Court to the record of the proceeding referenced therein for a full and accurate description of the contents of that document.

231.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "231" of the Complaint.

232.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "232" of the Complaint.

233.    Denies the allegations contained in paragraph "233" of the Complaint.

234.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "234" of the Complaint.

235.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "235" of the Complaint and respectfully refers the Court to the record of the proceeding referenced therein for a full and accurate description of facts.

236.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "236" of the Complaint.

237.    Denies the allegations contained in paragraph "237" of the Complaint.

238.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "238" of the Complaint.

239.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "239" of the Complaint, except denies that NYPD acted improperly or unlawfully.

240.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "240" of the Complaint.

241.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "241" of the Complaint.

242.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "242" of the Complaint and respectfully refers the Court to the record of the proceeding referenced therein for a full and accurate recitation of the facts.

243.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "243" of the Complaint, except denies the characterization of information as "exculpatory."

244.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "244" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

245.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "245" of the Complaint and respectfully refers the Court to the record of the proceedings referenced therein for a full and accurate recitation of the proceedings.

246.    Denies the allegations contained in paragraph "246" of the Complaint and respectfully refers the Court to the investigation by the District Attorney of New York.

247.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "247" of the Complaint and respectfully refers the Court to the record of the proceeding referenced therein for a full and accurate recitation of the proceeding

248.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "248" of the Complaint.

249.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "249" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

250.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "250" of the Complaint.

251.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "251" of the Complaint.

252.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "252" of the Complaint.

253.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "253" of the Complaint

254.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "254" of the Complaint.

255.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "255" of the Complaint.

256.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "256" of the Complaint.

257.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "257" of the Complaint.

258.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "258" of the Complaint

259.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "259" of the Complaint.

260.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "260" of the Complaint.

261.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "261" of the Complaint, and respectfully refers the Court to the proceeding referenced therein for a full and accurate recitation of the facts.

262.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "262" of the Complaint and respectfully refers the Court to the proceeding referenced therein for a full and accurate recitation of the facts.

263.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "263" of the Complaint.

264.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "264" of the Complaint.

265.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "265" of the Complaint.

266.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "266" of the Complaint.

267.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "267" of the Complaint.

268.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "268" of the Complaint.

269.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "269" of the Complaint.

270.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "270" of the Complaint.

271.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "271" of the Complaint.

272.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "272" of the Complaint.

273.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "273" of the Complaint.

274.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "274" of the Complaint.

275.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "275" of the Complaint.

276.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "276" of the Complaint

277.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "277" of the Complaint, except admits that Defendant Wood was previously employed by NYPD.

278.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "278" of the Complaint.

279.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "279" of the Complaint.

280.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "280" of the Complaint.

281.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "281" of the Complaint.

282.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "282" of the Complaint.

283.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "283" of the Complaint

284.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "284" of the Complaint.

285.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "285" of the Complaint.

286.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "286" of the Complaint.

287.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "287" of the Complaint.

288.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "288" of the Complaint.

289.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "289" of the Complaint.

290.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "290" of the Complaint.

291.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "291" of the Complaint.

292.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "292" of the Complaint.

293.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "293" of the Complaint.

294.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "294" of the Complaint, and respectfully refers the Court to the

affidavits of Talmadge Hayer referenced therein for a full and accurate description of the contents of the documents.

295.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "295" of the Complaint.

296.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "296" of the Complaint, and respectfully refers the Court to the Muhammad Aziz motion to vacate his conviction made in 1977 ("1997 440 Motion") for a full and accurate description of the contents of the documents.

297.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "297" of the Complaint, and respectfully refers the Court to the New York Criminal Law ("C.P.L.") §440 Motion made in 1997 for a full and accurate description of the contents of the documents.

298.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Plaintiff's second paragraph "290" of the Complaint and respectfully refer the Court to the C.P.L. §440 Motion made in 1997.

299.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Plaintiff's second paragraph "291" of the Complaint and respectfully refers the Court to the investigation by the New York District Attorney Office and the Innocence Project ("DANY Investigation") for a full and accurate description of the contents of the documents.

300.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Plaintiff's second paragraph "292" of the Complaint and respectfully refers the Court to the DANY Investigation for a full and accurate description of the contents of the documents.

301.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "298" of the Complaint and respectfully refers the Court to the New York District Attorney Office's Joint Motion dated November 18, 2021 ("DANY Joint Motion") and NYPD Report of Charles Blackwell ("Blackwell Report") for a full and accurate description of the contents of the documents.

302.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "299" of the Complaint, and respectfully refers the Court to the Blackwell Report for a full and accurate description of the contents of the documents.

303.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "300" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

304.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "301" and its subparts of the Complaint, and respectfully refers the Court to the DANY Investigation for a full and accurate description of the contents of the documents.

305.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "302" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

306.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "303" of the Complaint.

307.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "304" of the Complaint.

308.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "305" of the Complaint.

309.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "306" of the Complaint.

310.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "307" of the Complaint.

311.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "308" of the Complaint.

312.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "309" of the Complaint.

313.    Denies the allegations set forth in paragraph "310" of the Complaint, except admits that Muhammad Aziz and Khalil Islam were indicted and convicted of the murder of Malcolm X and that those convictions were subsequently vacated by the District Attorney of New York on November 18, 2021.

314.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "311" of the Complaint.

315.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "312" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

316.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "313" of the Complaint.

317.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "314" of the Complaint.

318.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "315" of the Complaint.

319.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "316" of the Complaint.

320.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "317" of the Complaint.

321.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "318" of the Complaint.

322.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "319" of the Complaint.

323.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "320" of the Complaint.

324.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "321" of the Complaint.

325.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "322" of the Complaint.

326.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "323" of the Complaint.

327.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "324" of the Complaint.

328.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "325" of the Complaint.

329.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "326" of the Complaint.

330.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "327" of the Complaint.

331.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "328" of the Complaint.

332.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "329" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

333.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "330" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

334.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "331" of the Complaint.

335.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "332" of the Complaint.

336.    Denies the allegations contained in paragraph "333" of the Complaint.

337.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "334" of the Complaint.

338.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "335" of the Complaint and respectfully refers the Court to the Knapp Commission Report on Police Corruption for a full and accurate description of the contents of the document.

339.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "336" of the Complaint and respectfully refers the Court to the Knapp Commission Report on Police Corruption for a full and accurate description of the contents of the document.

340.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "337" of the Complaint and respectfully refers the Court to the Knapp Commission Report on Police Corruption for a full and accurate description of the contents of the document.

341.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "338" of the Complaint and respectfully refers the Court to the Knapp Commission Report on Police Corruption for a full and accurate description of the contents of the document.

342.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "339" of the Complaint and respectfully refers the Court to *Handschu v. Special Services Division*, 71 Civ. 2203, for a full and accurate description of the contents of the document.

343.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "340" of the Complaint and respectfully refers the Court to *Handschu v. Special Services Division*, 71 Civ. 2203, for a full and accurate description of the contents of the document

344.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "341" of the Complaint, and respectfully refers the Court to

*Handschu v. Special Services Division*, 71 Civ. 2203, for a full and accurate description of the contents of the document.

345.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "342" of the Complaint, denies the characterization of the allegations as deliberately indifferent, and respectfully refers the Court to the Knapp Commission Report on Police Corruption for a full and accurate description of the contents of the document

346.    In response to the allegations set forth in paragraph "343" of the, the City of New York repeats and realleges the responses set forth in the proceeding paragraphs of this Answer as is fully set forth herein.

347.    The allegations set forth in paragraph "344" of the Complaint are not averments of fact that require a response except to state that Plaintiffs purport to proceed as stated therein.

348.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "345" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

349.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "346" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

350.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "347" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

351.    In response to the allegations set forth in paragraph "348" of the, the City of New York repeats and realleges the responses set forth in the proceeding paragraphs of this Answer as is fully set forth herein.

352.    The allegations set forth in paragraph "349" of the Complaint are not averments of fact that require a response except to state that Plaintiffs purport to proceed as stated therein.

353.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "350" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

354.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "351" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

355.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "352" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

356.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "353" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

357.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "354" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

358.    In response to the allegations set forth in paragraph "355" of the, the City of New York repeats and realleges the responses set forth in the proceeding paragraphs of this Answer as is fully set forth herein.

359.    The allegations set forth in paragraph "356" of the Complaint are not averments of fact that require a response except to state that Plaintiffs purport to proceed as stated therein.

360.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "357" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

361.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "358" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

362.    In response to the allegations set forth in paragraph "359" of the, the City of New York repeats and realleges the responses set forth in the proceeding paragraphs of this Answer as is fully set forth herein.

363.    The allegations set forth in paragraph "360" of the Complaint are not averments of fact that require a response except to state that Plaintiffs purport to proceed as stated therein.

364.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "361" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

365.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "362" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

366.    In response to the allegations set forth in paragraph "363" of the, the City of New York repeats and realleges the responses set forth in the proceeding paragraphs of this Answer as is fully set forth herein.

367.    The allegations set forth in paragraph "364" of the Complaint are not averments of fact that require a response except to state that Plaintiffs purport to proceed as stated therein.

368.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "365" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

369.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "366" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

370.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "367" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

371.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "368" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

372.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "369" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

373.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "370" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

374.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "371" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

375.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "372" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

376.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "373" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

377.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "374" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

378.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "375" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

379.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "376" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

380.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "377" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

381.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "378" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

382.    In response to the allegations set forth in paragraph "379" of the, the City of New York repeats and realleges the responses set forth in the proceeding paragraphs of this Answer as is fully set forth herein.

383.    The allegations set forth in paragraph "380" of the Complaint are not averments of fact that require a response except to state that Plaintiffs purport to proceed as stated therein.

384.    Denies the allegations contained in paragraph "381" of the Complaint.

385.    Denies the allegations contained in paragraph "382" of the Complaint.

386.    Denies the allegations contained in paragraph "383" of the Complaint.

387.    Denies the allegations contained in paragraph "384" of the Complaint.

388.    Denies the allegations contained in paragraph "385" of the Complaint.

389.    Denies the allegations contained in paragraph "386" of the Complaint.

390.    In response to the allegations set forth in paragraph "387" of the, the City of New York repeats and realleges the responses set forth in the proceeding paragraphs of this Answer as is fully set forth herein.

391.    The allegations set forth in paragraph "388" of the Complaint are not averments of fact that require a response except to state that Plaintiffs purport to proceed as stated therein.

392.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "389" of the Complaint.

393.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "390" of the Complaint.

394.    In response to the allegations set forth in paragraph "391" of the, the City of New York repeats and realleges the responses set forth in the proceeding paragraphs of this Answer as is fully set forth herein.

395.    The allegations set forth in paragraph "392" of the Complaint are not averments of fact that require a response except to state that Plaintiffs purport to proceed as stated therein.

396.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "393" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

397.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "394" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

398.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "395" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

399.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "396" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

400.    Denies the allegations contained in paragraph "397" of the Complaint.

401.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "398" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

402.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "399" of the Complaint concerning the federal Defendants, and denies those allegations concerning NYPD defendants.

403.    In response to the allegations set forth in paragraph "400" of the, the City of New York repeats and realleges the responses set forth in the proceeding paragraphs of this Answer as is fully set forth herein.

404.    The allegations set forth in paragraph "401" of the Complaint are not averments of fact that require a response except to state that Plaintiffs purport to proceed as stated therein.

405.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "402" of the Complaint.

406.    Denies the allegations contained in paragraph "403" of the Complaint.

407.    Denies the allegations contained in paragraph "404" of the Complaint.

408.    Denies the allegations contained in paragraph "405" of the Complaint.

409.    Denies the allegations contained in paragraph "406" of the Complaint.

410.    Denies the allegations contained in paragraph "407" of the Complaint.

411.    Denies the allegations contained in paragraph "408" of the Complaint.

412.    Paragraph "409" of the Complaint sets forth a demand for a jury trial which does not require a response.

## DEFENSES AND AFFIRMATIVE DEFENSES

### AS TO THE FIRST DEFENSE/AFFIRMATIVE DEFENSE

413.    The Complaint fails to state a claim upon which relief can be granted because the City was not the proximate cause of private individuals, who were not acting under color of law, shooting Malcolm X.

### AS TO THE SECOND DEFENSE/AFFIRMATIVE DEFENSE

414.    The Court lacks subject matter jurisdiction because Plaintiffs' constitutional rights were not violated by Defendant City when private individuals, who were not acting under color, of law shot Malcolm X after he refused police protection.

46

**AS TO THE THIRD DEFENSE/AFFIRMATIVE DEFENSE**

415.    Defendant City has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof because Malcolm X refused police protection and was subsequently shot by private individuals who were not acting under color of law

**AS TO THE FOURTH DEFENSE/AFFIRMATIVE DEFENSE**

416.    To the extent that the Complaint alleges any claims arising under the laws of the State of New York, such claims are barred, in whole or in part, by reason of Plaintiffs' failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

**AS TO THE FIFTH DEFENSE/AFFIRMATIVE DEFENSE**

417.    Plaintiff's claims, which accrued over 60 years ago, are barred by the applicable statutes of limitation.

**AS TO THE SIXTH DEFENSE/AFFIRMATIVE DEFENSE**

418.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**AS TO THE SEVENTH DEFENSE/AFFIRMATIVE DEFENSE**

419.    Punitive damages cannot be assessed against defendant City of New York as it is absolutely immune from such damages under U.S.C. §1983 and it is as against public policy.

**AS TO THE EIGHTH DEFENSE/AFFIRMATIVE DEFENSE**

420.    Any injury alleged to have been sustained resulted from the culpable or negligent conduct of other individuals and was not the proximate result of any act of defendant City as Malcolm X was shot by private individuals who were not acting under color of law.

**AS TO THE NINTH DEFENSE/AFFIRMATIVE DEFENSE**

421.    Any injury alleged to have been sustained resulted from the culpable or negligent conduct of the United States for which the City of New York cannot be held accountable.

## AS TO THE TENTH DEFENSE/AFFIRMATIVE DEFENSE

422.    Plaintiffs lack standing as to some or all of their claims because they have not pled that they adequately represent the estate of Malcolm X or that they can seek relief in their individual capacities on the facts alleged the Complaint.

## AS TO THE ELEVENTH DEFENSE/AFFIRMATIVE DEFENSE

423.    Assuming arguendo that *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978) applies retroactively to claims that arose more than ten years before it was decided, Plaintiffs have nevertheless failed to state a claim for municipal liability because no policy, practice, or custom of the City of New York was the proximate cause of Malcolm X being shot by private individuals who were not acting under color of law.

## AS TO THE TWELFTH DEFENSE/AFFIRMATIVE DEFENSE

424.    Defendant City was not the proximate cause of any injuries or damages sustained by Plaintiff because Malcolm X was shot by private individuals who were not acting under color of law.

## AS TO THE THIRTEENTH DEFENSE/AFFIRMATIVE DEFENSE

425.    Defendant City had no specific duty to protect Malcolm X or Plaintiffs from harms caused by private individuals who were not acting under color of law.

## AS TO THE FOURTEENTH DEFENSE/AFFIRMATIVE DEFENSE

426.    The Complaint should be dismissed in the interest of justice because, upon information and belief, many or all of the individual Defendants are deceased and no proper parties are available from whom Plaintiffs can seek relief.

## AS TO THE FIFTEENTH DEFENSE/AFFIRMATIVE DEFENSE

427.    The Complaint should be dismissed in the interest of justice because the current taxpayers of the City of New York should not be held liable for alleged acts that occurred sixty years ago, and prior to the complete reorganization and restructuring of New York City's form of government, including at NYPD.

## AS TO THE SIXTEENTH DEFENSE/AFFIRMATIVE DEFENSE

428.    The Court should abstain from adjudicating this matter pursuant to the Political Question doctrine because the use of public funds to redress historical wrongs that occurred in previous generations should be addressed by the legislative branch.

## AS TO THE SEVENTEENTH DEFENSE/AFFIRMATIVE DEFENSE

429.    The Complaint is barred by the doctrine of Laches because Plaintiffs unreasonably delayed bringing these claims.

## AS TO THE EIGHTEENTH DEFENSE/AFFIRMATIVE DEFENSE

430.    Plaintiffs' complaint fails to allege a *prima facie* case against Defendant City because the Complaint does not properly plead that Letters of Administration were filed.

**WHEREFORE**, Defendant City of New York demands judgment dismissing the Complaint in its entirety, together with costs and disbursements of this action, any such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        February 28, 2025

**MURIEL GOODE-TRUFANT**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendant City of New York*
100 Church Street
New York, New York 10007
(212) 356-2336


By:

Thomas Lai
*Senior Counsel*
Special Federal Litigation Division

cc:    All Counsel (**<u>VIA ECF</u>**)

The Estate of Thomas T. Cusmano (VIA mail)
7249 128th St
Seminole, FL 33776