


**OFFICE OF THE GENERAL COUNSEL**

April 14, 2025

**VIA ECF**
Hon. Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     <u>Ilyasah Shabazz, et al. v. United States of America, et al.</u>, No. 24-cv-08680 (DEH)

Dear Judge Ho:

      We represent non-party Police Benevolent Association of the City of New York, Inc. (the "PBA"). This letter responds to the Court's order, dated April 8, 2025, directing the PBA to show cause why an order should not be issued compelling them to comply with the subpoena duces tecum served on February 10, 2025 (the "Subpoena"). *See* ECF 83 (the "Order"). The Order was issued upon the Plaintiffs' Order to Show Cause. *See* ECF 82, 82-1, 82-2, 82-3, 82-4 (the "Order to Show Cause"). The Subpoena requests the "last known address and/or address where pension checks are sent" for twenty-six individuals that have titles of either Police Commissioner, Detective, Investigator, Supervisor, or BOSSI Agent. *See* ECF 82-2 at 3. For the reasons detailed below, the Court should deny the Order to Show Cause.

      As a threshold matter, the Order to Show Cause is not yet ripe for the Court's intervention. Plaintiffs have not complied with the pre-motion letter and conference requirement under your Individual Practice Rule 4(a) and Local Civil Rule 37.2. Under Local Rule 37.2, no motion, including under Federal Rule Civil Procedure 45, "will be heard unless counsel for the moving party has first requested an informal conference with the court by letter-motion for a pre-motion discovery conference." *See* SDNY Local Rule 37.2 (effective January 2, 2025). Moreover, under this Court's Rule 4(k), any party wishing to raise a discovery dispute must satisfy the meet-and-confer process. Before filing the Order to Show Cause, Plaintiffs were required to comply with Rule 4 and Local Civil Rule 37.2, which they have failed to do here. A review of the docket does not reveal any pre-motion letter. Furthermore, while the Order to Show Cause included a declaration that two voicemails were left for PBA counsel, it fails to say anything regarding the content of the message other than the message was about the "failure to respond to the subpoena." *See* ECF 82-1. As the declaration reveals, counsel for the PBA reached out on February 24, 2025, to discuss the Subpoena. *Id.* At no point subsequently was a meet-and-confer process within the scope of Rule 4 requested by the Plaintiffs.

If Plaintiffs had complied with these requirements, it would have been evident why the Order to Show Cause should be denied here.

First, the New York City Police Pension Fund ("NYCPPF"), not the PBA, administers retirement benefits, and provides and maintains any necessary documentation for members who may be entitled to such benefits. Accordingly, any request for "addresses where pension checks are sent" is not properly directed to the PBA.

Second, the PBA objects to the Subpoena on the grounds that it was never the employer of the individuals that were listed. Indeed, this request seeks private, demographic information, which is more readily available from their actual employer, the City of New York, who is a named party that has already appeared in the action.

Third, the PBA objects to the Subpoena because it only represents NYPD members who hold the rank of Police Officer. The twenty-six former supervisors and/or investigators for which addresses were sought had titles such as Police Commissioner, Detective, Investigator, Supervisor, or BOSSI Agent, according to the Subpoena, and therefore, PBA would not be their union. Thus, to the extent the Subpoena is even properly directed at a non-party for the type of information sought here, this request is not properly directed at the PBA.

Fourth, the PBA objects to the Subpoena on the grounds that it seeks information not likely to lead to relevant information. In fact, most, if not all, of the individuals listed in the Subpoena are not sued themselves, but rather their estates. *See* ECF 12. In that regard, most, if not all, of the individuals listed in the Subpoena are deceased so it is not clear how their last known address would help facilitate serving their estates. If this Court nevertheless finds that such information is relevant, the request is not properly directed at the PBA and Plaintiffs should seek the information they require from state courts, their employer (who has already appeared in this action), NYCPPF, or their respective unions, that may have information on their respective estates.

Finally, the Plaintiffs already possess the addresses for most of the twenty-six individuals listed in the Subpoena. *See* ECF 34, 41, 42, 43, 46, 47, 48, 49, 52, 53, 55, 56, 72, 84, 86. A review of the docket confirms that the Plaintiffs have requested issuance of summons and/or filed affidavit of service regarding at least nineteen of the twenty-six individuals listed in the Subpoena or their estates. *Id.* The Order to Show Cause offers no explanation for why the Plaintiffs still seek private demographic information about deceased police officers even after they or their estates have been served in the action. In this respect, Plaintiffs have failed to clarify, follow-up, or amend the Subpoena to limit its scope to not request private demographic information for individuals that they have already served or requested issuance of summons in the matter.

In sum, if the Plaintiffs had satisfied their threshold obligations, it would have been clear that the Order to Show Cause is not ripe, and the Subpoena is not properly directed to the PBA. The PBA is not the custodian of pension related information, it is not the employer of the twenty-six individuals listed nor their representative union, the information requested is not relevant or likely to lead to relevant information, and the Subpoena seeks addresses for individuals for which they already have information. Consequently, for all these reasons, the Order to Show Cause should be denied.

Respectfully,

Gaurav I. Shah

cc: All counsel via ECF

The Court is in receipt of the endorsed letter from non-party Police Benevolent Association (PBA).  Plaintiff's Motion for an Order to Show Cause (ECF No. 82) is DENIED without prejudice to renewal.  Plaintiff is directed to meet and confer with the PBA and any other relevant parties or non-parties and to file a letter-motion for a pre-motion discovery conference, pursuant to this Court's Individual Rule 4(k), if discovery disputes remain.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: April 15, 2025
New York, New York