**MEMO ENDORSED**



May 19, 2025

**VIA ECF**
The Honorable Dale E. Ho
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Ilyasah Shabazz et al, v. United States of America et al.,*
                **(No. 24-cv-08680 (DH) [rel. 24-CV-872; 24-CV-8680]).**

Dear Judge Ho,

      Plaintiffs Ilyasah Shabazz, as Administrator of the Estate of Malik El-Shabazz, also known as Malcolm X, and, in their individual capacities, Ilyasah Shabazz, Gamilah-Lamumba Shabazz, and Malaak Shabazz (hereinafter, the "Plaintiffs"), write to request that the deadline to effectuate service of process pursuant to Rule 4(m) be extended thirty (30) days, or to on or before June 21, 2025. This is Plaintiffs' third request for extension of time to effectuate service. The Court granted Plaintiffs' first and second requests. Dkt. Nos. 75 and 98. Defendant City of New York "does not consent to Plaintiffs' request. The City refers the Court to its jurisdictional concerns noted in its prior letter, Dkt. No. 97, and renews its request for a hearing on the topic." Defendant USA consents to this request and Plaintiffs consent to a corresponding extension of time for Defendant USA to respond to the Complaint. Plaintiffs and the USA also request an extension of time to submit the joint letter containing a briefing schedule for the USA's anticipated motion to dismiss, Dkt. No. 98, to on or before June 30th.

      Since Plaintiffs' second request for an extension of time to serve the Individual Defendants, Plaintiffs have continued to search for information relating to service addresses but have reached an impasse which constitutes extraordinary circumstances and necessitates the instant request. Plaintiffs held meet and confers with the PBA and Pension Fund regarding Plaintiffs' subpoenas to each entity for information relating to the individual NYPD officer defendants. Plaintiffs agreed to provide a list of priority individuals from the subpoena riders which included individuals for whom Plaintiffs had little or no information regarding service addresses, estates, or next of kin. Plaintiffs have not received information sought from the Pension Fund relating to service addresses and the Pension Fund continues to object to producing information for certain priority individual officers. Plaintiffs anticipate moving to compel responses to their subpoena should the Pension Fund not provide the requested information. In addition, as the PBA noted, Dkt. No. 88 at 2, the City of New York, as the officers' former employer, should also have the requested information.

      With regard to early discovery, which Plaintiffs anticipated informing their service attempts, Plaintiffs have not yet obtained any of the contemplated documents. Plaintiffs have requested that the City produce 10 NYPD reports and 15 FBI reports that were obtained by the New York District Attorney's Office ("DANY") in relation to its 2020-2021 reinvestigation of the

Hon. Dale Ho
May 19, 2025
Page 2

Muhammad Aziz and Khalil Islam cases as reflected in the "Joint Motion to Vacate Judgments of Conviction and Dismiss Indictment" that was filed by DANY in *People of the State of New York v. Muhammad Aziz and Khalil Islam*, Indictment No. 871/1965, Supreme Court of the State of New York, County of New York: Part 99. Plaintiffs have corresponded with related-case counsel, DANY, and the City regarding a process for obtaining the requested documents. To date, the parties and non-parties have not reached agreement as to whether the releases requested by DANY would be provided, whether all of the documents which would be requested would be provided to Plaintiffs in this matter, and on what basis those documents would be provided. These documents are necessary for Plaintiffs' service attempts, as well as informing the scope of the claims against the individual defendants. For this reason, the delay in obtaining these documents also presents an extraordinary circumstance for which Plaintiffs request the Court grant an additional extension of time to effectuate service.

In addition, Plaintiffs have requested the Tax IDs, hire dates, and retirement dates from the City for each of the individual NYPD officer defendants. Despite producing this information to confirm the identity of an individual defendant whom the City claimed Plaintiffs erroneously served, counsel for the City indicated that they will not produce the requested information pending the Court's decision on the parties' letters regarding service and jurisdiction. For these reasons, Plaintiff renew their arguments in response to the City's letter regarding service and jurisdiction, Dkt. No. 101. The above further supports that the City is in the best position to represent the interests of the individual NYPD officer defendants, and indeed has information which would allow Plaintiffs to identify other suitable representatives for the individual defendants, but is refusing to produce that information.

Based on the above diligent attempts and ongoing diligent attempts at seeking information and attempting service, Plaintiffs have shown good cause and extraordinary circumstances, and respectfully request a further thirty (30) day extension of time to exhaust efforts at effectuating service.

We thank the Court for its attention in this matter.

        Respectfully submitted,

/s/
Nabeha Shaer
Benjamin L. Crump*
Desiree Austin-Holliday*
**BEN CRUMP LAW, PLLC**
633 Pennsylvania Avenue Northwest
Second Floor
Washington, DC 20004
court@bencrump.com
nabeha@bencrump.com
desiree@bencrump.com

/s/
Raymond L. Hamlin*
**HUNT, HAMLIN & RIDLEY**
Military Park Building
60 Park Place
Sixteenth Floor
Newark, New Jersey 07102
Telephone: 973-242-4471
Fax: 973-242-8295
ray.hamlin@hunthamlinridley.com

| | |
|---|---|
| /s/ | /s/ |
| G. Flint Taylor* | Jonathan C. Moore |
| Ben H. Elson* | David Rankin |
| **PEOPLE'S LAW OFFICE** | Luna Droubi |
| 1180 N. Milwaukee Ave. | Marc Arena |
| Chicago, IL 60642 | **BELDOCK LEVINE & HOFFMAN LLP** |
| Telephone: (773) 235-0070 | 99 Park Ave., PH/26th Floor |
| Fax: (773) 235-6699 | New York, NY 10016 |
| flinttaylor@peopleslawoffice.com | Tel: 212-490-0400 |
| ben@peopleslawoffice.com | jmoore@blhny.com |
| | drankin@blhny.com |
| | ldroubi@blhny.com |
| | marena@blhny.com |

*Counsel for Plaintiffs*

*\*Admitted pro hac vice, or
pro hac vice or admission forthcoming.*

The Court is in receipt of the endorsed letter. In its previous Order, *see* ECF No. 98, the Court noted that further extensions would not be granted absent extraordinary circumstances. In light of the mixed success of service so far, the Court is concerned that further attempts at serving the Individual Defendants may not be fruitful, and may ultimately be futile because they are not appropriate parties and cannot be substituted by appropriate parties through the re-opening of estates or the appointment of administrators.

The Court will therefore hold a case management conference to discuss Plaintiffs' extension request, the jurisdictional concerns raised by the City, and Plaintiffs' request that the Court appoint personal representatives or public administrators of the closed estates. *See* ECF Nos. 97, 101, and 103. Plaintiffs' deadline for service on the Individual Defendants, Defendants' deadlines to respond to the Complaint, and the parties' deadline to file a joint letter proposing a briefing schedule are STAYED pending resolution of these issues.

The conference will be held on **Tuesday, May 27, 2025, at 11:00 AM** in Courtroom 905 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, NY 10007. The parties should be prepared to address, inter alia, the following issues:

(1)     Whether there is federal court authority for re-opening estates that closed prior to the commencement of litigation, and whether the re-opening process would need to proceed in parallel in the relevant state probate or surrogate's courts;

(2)     Whether there is authority permitting a federal court to "appoint former, served estate administrators or executors and identified next of kin as the personal representatives of certain individual defendants' estates" (ECF No. 101), and whether this differs from re-opening those estates as described in (1);

(3)     Whether there is authority permitting a <u>federal</u> court sitting in New York to "appoint a public administrator for individual Defendants for whom Plaintiffs have not located former administrators or next of kin" (ECF No. 101). New York's Surrogate's Court Procedure Act § 1002(1) appears to refer to a procedure available in the Surrogate's Court itself. *See, e.g.*, *Hegbeli v. Olanescu*, 236 A.D.3d 567, 568 (N.Y. App. Div. 2025); *Al-Jundi v. Rockefeller*, No. Civ. 75-132E, 1990 WL 94898, at *1 (W.D.N.Y. June 15, 1990); *Lungu v. New Island Hosp./St. Joseph Hosp.*, No. Civ. 11-0755, 2012 WL 2050205, at *7 (E.D.N.Y. June 4, 2012); and

(4)     Whether, if the Court were to grant Plaintiffs' requests, this would be a case of a federal court's "[m]erely determining the rights to, as opposed to administering, assets," so as not to fall under the probate exception. *See Ashton v. Josephine Bay Paul & C. Michael Paul Found.*, 918 F.2d 1065, 1072 (2d Cir. 1990).

The parties may file additional letter-briefs on these questions, not to exceed five pages, by **Friday, May 23, 2025**. The Court recognizes that the United States has not expressed a view on these issues. Nevertheless, the United States should be prepared to address at the conference whether similar concerns apply to any of the named federal employees (see ECF No. 99 at n.1).

SO ORDERED.

*[signature]*

Dale E. Ho                                  Dated: May 20, 2025
United States District Judge       New York, New York