UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILYASAH SHABAZZ, as Administrator of THE ESTATE OF MALIK EL-SHABAZZ, also known as Malcolm X, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | No. 24-cv-08680 (DEH)<br><br>**CONFIDENTIALITY STIPULATION AND <u>PROTECTIVE ORDER</u>** |

  WHEREAS, the parties intend to produce certain documents in this action that they deem to be confidential or otherwise inappropriate for public disclosure; and

  WHEREAS, the parties acknowledge that certain materials produced by non-parties may implicate privacy or other interests that make them inappropriate for public disclosure; and

  WHEREAS, the parties agree that confidential documents should be produced only if appropriate protection for their confidentiality is assured; and

  WHEREAS, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

  NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the attorneys for Plaintiffs and Defendants, as follows:

  1. As used herein, "Action" shall mean the pending action between Plaintiffs and Defendants captioned *Shabazz, et al. v. The United States of America, et al.*, 24-CV-08680 (DEH).

  2. "Confidential Materials" shall mean (a) New York City Police Department ("NYPD") and New York County District Attorney ("DANY") personnel and disciplinary-related records, and records of investigations regarding the conduct of NYPD or DANY personnel

conducted by the NYPD, DANY, Civilian Complaint Review Board, or other Federal, State, or City agencies; (b) records or information pertaining to any sealed criminal matters; (c) other sensitive law enforcement records; (d) medical records and information; (e) sealed criminal records of non-parties Muhammad Aziz and/or the Estate of Khalil Islam; and (f) other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties, or the Court, except that such documents and information shall not be designated "Confidential Material" to the extent that they are publicly available. Nothing in the Confidentiality Stipulation and Protective Order shall be construed as an agreement to produce any category of discovery materials or as a waiver of any objection to the discoverability, relevance, or admissibility of any matter.

3. Nothing in this Confidentiality Stipulation and Protective Order shall limit Defendants' right to redact personal identifying or privileged information before producing any document to plaintiffs. For purposes of this section, Personal Identifying Information shall include, but is not limited to, the entire social security number, taxpayer identification, minor's name, or financial account number and information, credit card account information, bank account information, and date of birth; as well as the address, contact information, including telephone number and email address of Members of Service or individuals unrelated to this Action, government issued identification numbers including driver's license and passport numbers, passwords, NYSID, DIN; and any other information that has the tendency to reveal, alone or in conjunction with other available information, the identity of individuals unrelated to this Action.

4. Defendants shall have 60 days or more depending on the volume of materials received to inspect and designate as Confidential Material any documents received from an individual or entity that is not a party to this Action.

5. As used herein, "Producing Party" shall mean any party or non-parties Muhammad Aziz and the Estate of Khalil Islam (in the case of their sealed criminal records) requesting that a particular document or the information contained therein be deemed confidential (including where the document or information in question is produced by a non-party to this Action), and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

6. A Receiving Party and that party's attorneys shall not use Confidential Materials produced in this Action for any purpose other than for the preparation for trial, which includes the evaluation, presentation, discovery, and/or settlement of claims or defenses in the Action.

7. Attorneys for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, in the case of non-parties Muhammad Aziz and the Estate of Khalil Islam to produce their sealed criminal records subject to them having signed Exhibit A; an attorney of record for that party or non-party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses for trial.

    b. Disclosure may be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial (to the extent that Confidential Materials may be shown to such a witness but the witness shall not keep a copy), or to the Court, as well as stenographers or videographers at a deposition.

    c. Defendants' attorneys may also disclose the Confidential Materials to the NYPD, the New York City Department of Correction, the New York City Comptroller's Office, and/or the New York City Mayor's Office, or any other City agency, solely to the extent necessary for trial or the defense or settlement of this Action.

    d. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court or a witness at a deposition or trial), to non-parties Muhammad Aziz and the Estate of Khalil Islam to produce their sealed criminal records, the disclosing attorney shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The Receiving Party's attorney shall retain the signed consent and furnish a copy to an attorney for any other party upon request at a deposition or before trial, although the name of an expert that the disclosing party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

    e. Disclosure of medical records deemed "Confidential" under this Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

8. The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential, including but not limited to non-parties' sealed criminal records, either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel. Nothing in this agreement prevents a Receiving Party from objecting to a Producing Party's designation of material or information as confidential.

9. Inadvertent, unintentional production of any document or information which is privileged, was prepared in anticipation of litigation, or that is subject to in camera review by the Court, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this Action or otherwise. Plaintiffs shall immediately return or destroy such documents and information, shall provide a certification of counsel that all inadvertently disclosed material has been returned or destroyed, including any copies, and shall not use such material for any purpose.

10. To the extent documents or information that is otherwise privileged is intentionally produced, such privileged documents or information shall be designated as Confidential Material.

11. If plaintiffs, plaintiffs' attorneys, or anyone on plaintiffs' behalf make public representations, if the substance of which reveals Confidential Material, defendants' attorneys may move the Court, on an expedited basis, for relief.

12. If a Receiving Party objects to the designation of any particular document or information as Confidential Material, the Receiving Party shall state such objection in writing, and the parties shall then endeavor to meet and confer in good faith to attempt to resolve such objection. If the objection cannot be resolved among the parties, the Receiving Party, within 45 days of the conclusion of the meet and confer, may request that the Court remove the designation. Any such documents or information shall be treated as Confidential Material until the parties resolve the objection or there is a resolution of the designation by the Court.

13. A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to such designation. The failure of a Receiving Party to challenge the designation by a Producing Party during the discovery period shall not be a waiver of the Receiving Party's right to object to the designation at trial.

14. To the extent such information must be provided to plaintiffs' attorney, plaintiffs' attorney shall keep confidential for "attorney's-eyes-only" the Personal Identifying Information (as described above) of civilian victims/witnesses identified by defendants. Such information shall be used only by the plaintiffs' attorney or his/her law firm or agents for the purpose of communication with witnesses for this Action, or the service of subpoenas in this Action, and shall not be disclosed to plaintiffs, his/her family members, or other persons. Such information shall not be included in documents publicly filed with the Court or disclosed in any documents used at depositions.

15. A party seeking to submit to the Court any material that incorporates Confidential Material or reveals the contents thereof must file the material under seal. A party seeking to file any material which incorporates Confidential Material or reveals the contents thereof must file the material under seal and must comply with the Court's rules and electronic docketing procedures for filing motions for leave to file under seal. In the event that the Confidential Material or the contents thereof may be disclosed at a court hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Material. Plaintiffs agree to meet and confer in good faith regarding the redaction of any Confidential Material that plaintiffs may seek to enter into evidence at a court hearing or trial.

16. Where the confidential information is not material to issues addressed in court submissions and the Producing Party agrees in writing that the redaction of specific information in a document would be sufficient to protect the interests of parties or non-parties, the parties may file such redacted documents without further order of the Court.

17. Nothing in this Stipulation and Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner.

18. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and nonconforming copies thereof, shall not be used by a Receiving Party or disclosed to any other person for any purpose without prior Court approval.

19. Within 30 days after the termination of this Action, including any appeals, the Confidential Material, including all copies (other than the Court's copies of such material), shall be returned to defendants' attorneys or, upon defendants' attorneys' consent, destroyed; except that plaintiffs' attorney shall retain one copy of the Confidential Material, and any Confidential Material containing plaintiffs' attorney work product (including but not limited to, notes, and other materials containing or referring to the contents of Confidential Material), to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect plaintiffs' own information of similar nature) are imposed to prevent the use of the Confidential Material for any other purpose. Confidential Material which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Material and shall also be safe guarded by plaintiffs' attorney in the same manner as described in this paragraph.

20. This stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

21. The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Confidentiality Stipulation and Protective Order at any time.

22. This agreement may be executed in any number of counterparts, which together shall constitute a single agreement. This agreement may be executed and transmitted to any other party by facsimile or electronically; and facsimile or electronic signatures (including PDF signatures) shall be deemed to be originals.

23. Nothing in this Confidentiality Stipulation and Protective Order shall be construed to limit the Producing Party's use of the Confidential Material for any other purpose.

By:/s/_____
Nabeha Shaer
Benjamin L. Crump*
**BEN CRUMP LAW, PLLC**
633 Pennsylvania Avenue Northwest
Second Floor
Washington, DC 20004
court@bencrump.com
nabeha@bencrump.com


By:/s/_____
G. Flint Taylor*
Ben H. Elson*
Tayleece Paul*
**PEOPLE'S LAW OFFICE**
1180 N. Milwaukee Ave.
Chicago, IL 60642
Telephone: (773) 235-0070
flinttaylor@peopleslawoffice.com
ben@peopleslawoffice.com


By:/s/_____
Jonathan C. Moore
David Rankin
Luna Droubi
**BELDOCK LEVINE & HOFFMAN LLP**
99 Park Ave., PH/26th Floor
New York, NY 10016
Tel: 212-490-0400
jmoore@blhny.com
drankin@blhny.com
ldroubi@blhny.com


By:/s/_____
Raymond L. Hamlin*
**HUNT, HAMLIN & RIDLEY**

MATTHEW PODOLSKY
**Acting United States Attorney for the Southern District of New York**

By:/s/_____
ILAN STEIN
DANIELLE J. MARRYSHOW
JEFFREY OESTERICHER
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2525/2689/2695
ilan.stein@usdoj.gov
danielle.marryshow@usdoj.gov
jeffrey.oestericher@usdoj.gov


**MURIEL GOODE-TRUFANT**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendant City of New York*
100 Church Street
New York, New York 10007
(212) 356-2336
By: /s/
Tobias E. Zimmerman
Senior Counsel
Special Federal Litigation Division


By:/s/_____
David B. Shanies
101 Avenue of the Americas, Eighth Floor
New York, New York 10013
(212) 951-1710 (Tel)
david@shanieslaw.com

Military Park Building
60 Park Place
Sixteenth Floor
Newark, New Jersey 07102
Telephone: 973-242-4471
ray.hamlin@hunthamlinridley.com

*Counsel for Plaintiffs*

*\*Admitted pro hac vice, or
pro hac vice or admission forthcoming.*

The parties are apprised that the Court retains discretion as to whether to afford confidential treatment in its opinions and orders to information the parties have redacted, sealed, or designated as confidential. The Court retains the discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

SO ORDERED:

_____ September 30, 2025
DALE E. HO
United States District Court Judge

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Confidentiality Stipulation and Protective Order dated _____, entered into the Action entitled *Shabazz, et al. v. United States of America, et al.*, No. 24 Civ. 8680 (DEH), and understands the terms thereof. The undersigned agrees not to use the Confidential Material defined therein, or the contents thereof, for any purpose other than in connection with the preparation, evaluation or presentation of this case, and will not further disclose the Confidential Material or the contents thereof except in testimony taken in this case.

Date: _____

Signature: _____

Print Name: _____

Occupation: _____